# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# DAVENPORT DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | : | CASE NO. 10-1394-lmj13 |
| WALLACE R. KRAKLIO and BARBARA A. KRAKLIO, | : | CHAPTER 13 |
| | : | TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN |
| DEBTORS. | : | |

COMES NOW the Chapter 13 Trustee, by and through his attorney, and for his Objection to Debtors' Chapter 13 Plan states the following to the Court:

1. On April 16, 2010, the Debtors filed their Chapter 13 Plan. Their Plan requires monthly payments to the Trustee in the sum of $1,762.64 for a term of 60 months. Their Plan also requires them to turn over the sum of $29,725.44, the amount of funds returned to the Debtors from their prior case, as additional Plan funding. Income tax refunds are also required each year of the Plan. After payment of secured and priority claims, the Plan provides that unsecured creditors are to be paid in full together with interest at the rate of 7% per year.

2. The Debtors' Plan was not filed in time to conduct a meeting of creditors herein on April 19, 2010. Accordingly, the meeting has been continued to May 17, 2010 at 2:00 p.m. Pending examination of the Debtors at a continued meeting of creditors, the Trustee cannot recommend confirmation.

3. The Trustee has received Proofs of Claim from the Scott County Treasurer in amounts significantly greater than anticipated in the Debtors' Plan. According to the Trustee's calculations, Plan payments will need to increase to at least $2,500 monthly in order to accomplish the full payment of secured, priority and unsecured claims in this proceeding.

4. It is not clear that the Debtors will have the ability in this proceeding to satisfy the terms of their Chapter 13 Plan. Accordingly, the Trustee cannot determine that the Plan as proposed will be feasible.

5. According to the Debtors' Statement of Financial Affairs, they made substantial payments to family members and one (1) creditor within either one (1) year or 90 days of the filing of this proceeding. Said transfers would potentially be avoidable in a Chapter 7 proceeding. Pending the entry of agreements by the transferees waiving any statute of limitations on a future avoidance action, the Trustee cannot recommend confirmation.

WHEREFORE, the Chapter 13 Trustee respectfully objects to the Debtors' Chapter 13 Plan and requests that confirmation be denied and for such other and further relief as is just and equitable in the premises.

Respectfully submitted,

/s/ Albert C. Warford
Albert C. Warford #xxx-xx-6492
Chapter 13 Trustee

/s/ Elizabeth E. Goodman
Elizabeth E. Goodman #IS9999100
Attorney for Ch. 13 Trustee
505 5th Avenue, Suite 520
Des Moines, IA  50309
(515) 283-2713

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing TRUSTEE'S OBJECTION TO CHAPTER 13 PLAN was served upon the following parties at the addresses shown below by enclosing the same in an envelope addressed to each such person, with postage full paid and by depositing said envelope in the United States Post Office depository in Des Moines, Iowa, on the     30th     day of April, 2010.

/s/ Traci Riedel

Wallace & Barbara Kraklio
11600 Highway 22
Davenport, IA  52804

Notice will be electronically mailed by the Clerk of Court to:

Matthew D. Hatch @ hatchlaw@mcleodusa.net

Office of U.S. Trustee @ USTPRegion12.DM.ECF@usdoj.gov